# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANTHONY MONTECINO (#391199)**                     **CIVIL ACTION NO.**

**VERSUS**                                                                  **18-711-BAJ-EWD**

**JAMES LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 24, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANTHONY MONTECINO (#391199)                CIVIL ACTION NO.

VERSUS                                      18-711-BAJ-EWD

JAMES LeBLANC, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment ("Motion")[1] filed by *pro se* Plaintiff, Anthony Montecino ("Plaintiff"), an inmate now confined at the David Wade Correctional Center ("DWCC"), Homer, Louisiana, against James LeBlanc, Damien Merritt ("Merritt"), and Timothy Hooper ("Defendants"). The Motion is opposed.[2] As the motion is premature and fails to conform with the local rules, it is recommended that the Motion be denied.

Plaintiff instituted this action on or about July 23, 2018.[3] Plaintiff's claims are rooted in his Eighth Amendment right to be free from cruel and unusual punishment.[4] It also appears as though Plaintiff is attempting to make a claim of retaliation.[5] Plaintiff alleges that, while in full restraints, he was "football tackled" by Merritt, then Merritt placed his forearm on Plaintiff's neck, cutting off Plaintiff's air supply. Plaintiff also contends that Merritt punched him "five or more times" during this incident.[6] Plaintiff claims that he was transferred to DWCC from the Elayn Hunt Correctional Center ("EHCC"), where the incident took place, in retaliation. Plaintiff seeks monetary and injunctive relief.[7]

---

[1] R. Doc. 12.
[2] R. Doc. 14.
[3] R. Doc. 1.
[4] R. Doc. 6, p. 3.
[5] R. Doc. 6, p. 3.
[6] R. Doc. 6, p. 3.
[7] R. Doc. 6, p. 4.

In this case, Plaintiff's Motion is premature.  Though Defendants have been served and have now filed an answer, no discovery has been exchanged, and Plaintiff only recently propounded discovery.[8]  The only "evidence" in the record is Plaintiff's own pleadings, which are not verified and thus, fail to constitute competent summary judgment evidence,[9] and the initial disclosures by Defendants, which were ordered by this Court.[10]  Moreover, Plaintiff failed to follow the local rules in submitting his motion for summary judgment, which does not include the required statement of material facts.[11]  Accordingly, Plaintiff's Motion for Summary Judgment[12] should be denied without prejudice to reurging after additional factual development and proceedings, and in compliance with the local rules.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment[13] be **DENIED, WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on October 24, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Docs. 16, 17, & 18.  Discovery was propounded on September 16, 2019.
[9] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and be made under penalty of perjury.  Fed. Rule Civ. P. 56(c)(4); 28 U.S.C. § 1746.
[10] R. Doc. 15.  Further, a review of the evidence provided in Defendants' notice of compliance, shows there is a factual dispute regarding the incident that forms the basis of Plaintiff's excessive force claim.  *See e.g.*, R. Doc. 15-1, p. 9, First Step Response Form (alleging Plaintiff "became aggressive and attempted to remove" his restraints at which time "[M]Sgt. Merritt used reasonable force to stop" Plaintiff).
[11] *See* Local Rule 56(a).
[12] R. Doc. 12.
[13] R. Doc. 12.