## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ANTHONY MONTECINO (#391199)  CIVIL ACTION NO.

VERSUS  18-711-BAJ-SDJ

JAMES LEBLANC, ET AL.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 16, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ANTHONY MONTECINO (#391199)**                    **CIVIL ACTION NO.**

**VERSUS**                                          **18-711-BAJ-SDJ**

**JAMES LEBLANC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment or in the Alternative Motion to Dismiss on the Pleadings[1] filed on behalf of defendants James LeBlanc, Timothy Hooper, and Damien Merritt. For the following reasons, the undersigned recommends the motion be granted in part and denied in part.[2]

### I.   Background

The *pro se* plaintiff, Anthony Montecino, an inmate now incarcerated at the David Wade Correctional Center, Homer, Louisiana, filed this lawsuit against James LeBlanc, Damien Merritt, and Timothy Hooper alleging constitutional violations pursuant to 42 U.S.C. § 1983 that occurred while he was incarcerated at the Elayn Hunt Correctional Center.[3] Montecino alleges that on March 27, 2018, Merritt used excessive force against him.[4] Montecino also alleges that he was

---

[1] R. Doc. 28.
[2] Though defendants fail to make any arguments regarding dismissal of the individual capacity claims against Merritt for the alleged act of excessive force occurring on March 27, 2018, they do appear to request dismissal of all claims. Therefore, out of an abundance of caution, the undersigned treats the motion as requesting dismissal of all claims and thus, analyzes all claims against all defendants.
[3] R. Docs. 1 & 6.
[4] R. Doc. 6, p. 3.

transferred from EHCC to DWCC in retaliation "to attempt a cover-up."[5]  Plaintiff seeks monetary and injunctive relief.[6]

## II.    Law & Analysis

### a.  Standard of Review

Though this motion is posed as either a motion for partial summary judgment or a motion for judgment on the pleadings, it will be treated as a motion for judgment on the pleadings.[7]  Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."   Entry of judgment on the pleadings is proper if the material facts are not in dispute and the court can render judgment on the merits by looking to the substance of the pleadings and any judicially noticed facts.[8] The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).[9]

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires, "a short and plain statement of the claim showing that the pleader is entitled to relief."[10]  In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief.[11] "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task

---

[5] R. Doc. 6, p. 3.
[6] R. Doc. 6, p. 4.
[7] *See Young v. Biggers*, 938 F.2d 565 (5th Cir. 1991) (when a motion is posed as that presented here, it is appropriate to treat the motion as a motion for summary judgment if matters outside the pleadings are submitted in support of the motion).  Further, because defendants styled the pleading as alternatively a motion for *partial* summary judgment, the same result is reached regardless of whether the motion is treated as a motion for judgment on the pleadings or a motion for partial summary judgment because defendants do not argue for dismissal of Montecino's claims against Merritt for monetary damages in his individual capacity for the incident of alleged excessive force occurring on March 27, 2018, which, as discussed below, will be the only remaining claim if this report and recommendation is adopted.
[8] *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018).
[9] *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002)).
[10] Fed. R. Civ. P. 8(a)(2).
[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

that requires the reviewing court to draw on its judicial experience and common sense."[12] In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim.[13] Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion.[14]

### b. Montecino's claims against LeBlanc and Hooper are subject to dismissal

Defendants first argue, and are correct, that LeBlanc and Hooper should be dismissed from this suit as Montecino has failed to make any particular allegations against either LeBlanc or Hooper. It appears LeBlanc and Hooper have been named as a result of their supervisory roles with the Louisiana Department of Public Safety and Corrections and EHCC, respectively. Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that causally result in plaintiff's injury.[15] Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.[16] Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).
[13] *Twombly*, 550 U.S. at 557.
[14] *Iqbal*, 556 U.S. at 678.
[15] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[16] *See Ashcroft*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").

3

result of a breach by the supervisor of an affirmative duty specially imposed by state law.[17] Supervisory liability[18] can be found to exist if a supervisory official implements a policy so deficient that the policy itself may be seen to be a repudiation of constitutional rights and may be seen to be the moving force behind a constitutional violation.[19]

Montecino has failed to allege that LeBlanc and Hooper were personally involved with any of the actions that led to the alleged deprivation of his constitutional rights. Moreover, Montecino has failed to allege that LeBlanc or Hooper implemented any policy that could be seen as the moving force behind any unconstitutional violation. Montecino does not state LeBlanc or Hooper's names at all in the facts section of his complaint; they are named as defendants, but no allegations are made against them. Thus, because Montecino has failed to make any allegations against LeBlanc and Hooper, they should be dismissed from this action.

However, reading the complaint liberally,[20] Montecino may be attempting to allege that LeBlanc and Hooper retaliated against him. Without naming any individual in particular, Montecino states in a conclusory fashion he "was transferred in retaliation to attempt a cover-up."[21] Presumably those with the power to transfer an inmate include LeBlanc and Hooper. However, this conclusory statement is insufficient to state a claim for retaliation against any defendant.

---

[17] *Lozano*, 718 F.2d at 768.
[18] Though the term supervisory liability is often used, the Supreme Court has described this as a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft*, 556 U.S. at 677.
[19] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).
[20] "A document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).
[21] R. Doc. 6, p. 3. Montecino does not allege, nor can it be plausibly inferred from the facts of the complaint, that Merritt had the authority to transfer Montecino to a different facility. The only plausible inference is that the retaliation claim is directed against LeBlanc and Hooper who presumably had the authority to transfer Montecino. *Cf. Maize v. Monfra*, 2016 WL 11220807 (E.D. La. Nov. 7, 2016).

Claims of retaliation by prison inmates are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution.[22] Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis,* was undertaken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* that "but for" the retaliatory motive, the adverse action would not have occurred.[23] Causation may be demonstrated by alleging a chronology of events from which retaliation may be plausibly inferred.[24] The plaintiff must allege more than just his personal belief that he was the victim of retaliation.[25]

The only possible "motivation" of LeBlanc and Hooper to retaliate against Montecino is the conspiracy theory that LeBlanc and Hooper were attempting a "cover-up." Montecino has failed to demonstrate that LeBlanc or Hooper had any motivation to retaliate against Montecino for filing a grievance regarding the alleged incident of excessive force occurring with Merritt or that the transfer would not have occurred but-for the attempted "cover-up." This conspiracy theory is insufficient to provide a basis for a retaliation claim. A plaintiff who asserts conspiracy claims under civil rights statutes, such as § 1983, must plead the operative facts upon which their claim is based.[26] "Bald allegations that a conspiracy existed are insufficient."[27] Montecino has only alleged in a conclusory fashion the bald allegation that defendants were attempting a cover up, which is insufficient to state a claim for conspiracy. Montecino has also not alleged a chronology

---

[22] *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).
[23] *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).
[24] *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995).
[25] *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1999).
[26] *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).
[27] *Id.*

of events from which retaliation may be plausibly inferred; he has, in fact, failed to provide the timing for any of the pertinent events. Further, Montecino has failed to identify what right he was attempting to exercise, which in turn caused the transfer. Notably, Montecino cannot claim that his transfer occurred as a result of having filed suit since he had already been transferred to his present place of confinement when this complaint was filed.[28] The conclusory assertion that Montecino was transferred to a different prison in retaliation or as a "cover-up" for the incident that occurred is insufficient to state a claim for retaliation.[29]

### c. Excessive Force

Montecino has, however, stated a claim for excessive force against Merritt. It is axiomatic that corrections officers are faced with myriad situations where they must exercise discretion, including situations where they must choose whether to exercise force with regard to a prisoner.

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[30] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind."[31] Factors to be considered in determining whether an alleged use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized,

---

[28] *See Brooks v. Brown*, 2011 WL 26119059 (W.D. La. June 7, 2011) (dismissing prisoner's complaint as frivolous where the plaintiff alleged he was transferred in retaliation for an attempted "cover-up" but had filed suit after said transfer). The Court also notes that had it considered this Motion as a Motion for Summary Judgment, the documents in the record indicate that Montecino had not even filed a grievance regarding the incident while at EHCC; rather, he filed a grievance after being transferred. (R. Doc. 15-1).
[29] *See Allen v. Jones*, 458 Fed.Appx. 408, 409-10 (5th Cir. 2012).
[30] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian,* 503 U.S. 1, 7 (1992).
[31] *Hudson,* 503 U.S. at 10.

6

the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response.[32]

Montecino alleges that on March 27, 2018, while in full restraints, Merritt tackled Montecino into the wall, and Merritt then placed his forearm on Montecino's neck, cutting off his air supply.[33] Another officer appeared, and Merritt initially released Montecino, but Merritt then, allegedly, proceeded to punch Montecino "five or more times" until Merritt was pulled away and restrained by another officer.[34] Montecino alleges his injuries were severe enough to warrant being transferred to Our Lady of the Lake for treatment. Plaintiff avers he had to have stitches and continues to suffer from nerve pain in his face.[35]

As the facts are alleged, Montecino was restrained and there was no reason for the use of any force. Further, though injury is not determinative in an excessive force claim, Montecino alleges the force used against him was significant enough to cause injury severe enough to require stitches and that causes him to continue suffering with residual pain.[36] Based on these facts, as alleged, Montecino has stated a claim for excessive force against Merritt.

However, to the extent Montecino seeks monetary relief against Merritt in his official capacity, such claims are subject to dismissal. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[37] In addition, in *Hafer v. Melo*,[38] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit

---

[32] *Id.,* 503 U.S. at 7.
[33] R. Doc. 6, p. 3.
[34] R. Doc. 6, p. 3.
[35] R. Doc. 6, p. 3.
[36] R. Doc. 6, p. 3.
[37] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).
[38] 502 U.S. 21 (1991).

7

against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[39] Accordingly, Montecino's § 1983 claim asserted against Merritt in his official capacity for monetary damages is subject to dismissal.

Additionally, Montecino's claim for injunctive relief, specifically requesting that he be transferred back to EHCC is also subject to dismissal.[40] Inmates have no federal constitutional right to be housed in any particular facility or to be transferred from one prison to another.[41] Likewise, the request is inappropriate as "[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order," [42] which includes determining when a transfer is appropriate.[43] Accordingly, Montecino's claim for injunctive relief should be dismissed.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Motion to Dismiss filed on behalf of James LeBlanc, Timothy Hooper, and Damien Merritt be **GRANTED IN PART AND DENIED IN PART** dismissing all of Montecino's claims against James LeBlanc and Timothy Hooper, as well as Montecino's claim for monetary relief against Merritt in his official capacity and Montecino's claims for injunctive relief.

**IT IS FURTHER RECOMMENDED** that this matter be referred back to the magistrate judge for further proceedings on Anthony Montecino's remaining claims, (*i.e.*, his claims for

---

[39] *Id.* at 25.
[40] Though Montecino's request for injunctive relief to be transferred back to EHCC appears to be directed at LeBlanc and Hooper as a remedy for the claim of retaliation, discussed above, the undersigned, out of an abundance of caution, still analyzes the claim for injunctive relief despite the recommendation that Montecino's claims for retaliation against LeBlanc and Hooper be dismissed.
[41] *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).
[42] *Whitley v. Albers*, 475 U.S. 312, 321-22 (1985) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).
[43] *See Wilright v. Windhall*, 2012 WL 1309288 (W.D. La. March 13, 2012).

monetary relief against Damien Merritt in his individual capacity for the alleged act of excessive force occurring on March 27, 2018).

Signed in Baton Rouge, Louisiana, on July 16, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

9